

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 07 C 3548 |
| v. ) | |
| ) | Judge John W. Darrah |
| DONALD HULICK, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Kevin Smith, seeks a writ of *habeas corpus* against the Warden of the Menard Correctional Center, Donald Hulick, pursuant to 28 U.S.C. § 2254. Presently before the Court is Respondent's Motion to Dismiss.

### BACKGROUND

On June 10, 1993, Petitioner was convicted of two counts of first-degree murder and one count of armed robbery. Petitioner was sentenced to life in prison on the murder counts and thirty years on the robbery count. Petitioner appealed; and on March 31, 1995, the Illinois Appellate Court affirmed Petitioner's conviction and sentence.

Subsequently, Petitioner moved to file a late petition for leave to appeal ("PLA") to the Illinois Supreme Court that was otherwise untimely. The Illinois Supreme Court granted leave to file the PLA. However, on June 5, 1996, the Illinois Supreme Court denied Petitioner's PLA. Petitioner did not seek further review by the Untied States Supreme Court within ninety days of this decision.

On June 29, 2001, Petitioner filed a petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act. 725 ILCS § 5/122-1, *et seq.* The petition was amended on June 24, 2003.

On January 20, 2005, the trial court dismissed the petition for post-conviction relief. The Illinois Appellate Court affirmed this dismissal on November 9, 2006. The Illinois State Supreme Court denied Petitioner's PLA on the post-conviction petition on January 24, 2007.

On June 25, 2007, Petitioner filed the present petition for a writ of *habeas corpus*. Presently before the Court is Respondent's Motion to Dismiss the petition as untimely.

## ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), there is a one-year statute of limitations period for the filing of a writ of *habeas corpus*. 28 U.S.C. § 2244(d)(1). The limitations period begins to run on the latest of four occurrences:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A) – (D)

The two relevant provisions of the AEDPA to resolving this motion are 28 U.S.C. § 2244(d)(1)(A) and (D). Under 28 U.S.C. § 2244(d)(1)(A), a state criminal conviction becomes final when the state supreme court denies a petition to review an appellate court decision. *Lo v. Endicott*, 506 F.3d 572, 574 (7th Cir. 2007) (*Lo*). After a state supreme court denies review, a petitioner has ninety days with which to seek certiorari review by the United States Supreme Court. *Lo*, 506 F.3d at 574. The statute of limitations on a *habeas* petition begins to run after the ninety-day period has elapsed. *Lo*, 506 F.3d at 574.

As to 28 U.S.C. § 2244(d)(1)(D), a state supreme court decision that merely changes substantive law is not a "factual predicate" nor is the date on which a new legal argument is discovered. *Lo*, 506 F.3d at 574-75; *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (stating that the date upon which a "factual predicate" is discovered does not equate with the day on which a petitioner understands the legal argument) (*Owens*). Further, there must be some new fact or facts that could not have been discovered by a petitioner through the exercise of due diligence. *Owens*, 225 F.3d at 359.

In the case at bar, the applicable AEDPA provision is 28 U.S.C. § 2244(d)(1)(A). Petitioner does not identify any new facts that would qualify as a "factual predicate" for purposes of the statute of limitations. Rather, Petitioner relies on his discovery of the case *People v. Shaw*, 713 N.E.2d 1161 (Ill. 1999); this does not qualify as a "factual predicate" because the case involves discovery of a new legal argument, not a new fact. Thus, 28 U.S.C. § 2244(d)(1)(A) is the appropriate provision to determine the date the statute of limitations began to run.

Applying 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on September 3, 1996, ninety days after June 5, 2006, which was the last date on which Petitioner could have filed for certiorari review of the Illinois Supreme Court's decision. Thus, Petitioner's *habeas* petition was due on September 3, 1997, one year after he could have filed for certiorari review. Petitioner filed his petition for *habeas* relief on June 25, 2007, which is over nine years after the statute of limitations had run. Therefore, Petitioner's *habeas* petition is untimely on its face.

Petitioner's next argument is that either statutory or equitable tolling applies and that, thus, his petition is not untimely because the statute of limitations was tolled. As to statutory tolling, the AEDPA provides for statutory tolling for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). For a post-conviction petition to have a tolling effect, it must be filed within the one-year statute of limitations under the AEDPA. *Moore v. Battaglia*, 476 F.3d. 504, 506 (7th Cir. 2007) (*Moore*).

Petitioner filed his initial petition for post-conviction relief on June 29, 2001. The petition for post-conviction relief was not filed within the one-year statute of limitations period, which expired September 3, 1997; thus, the statute of limitations was not tolled by his post-conviction filing. Therefore, Petitioner is not entitled to statutory tolling.

4

Equitable tolling is proper "when extraordinary circumstances outside of petitioner's control prevent timely filing of the habeas petition." *Lo*, 506 F.3d at 576. In the *habeas* context, "equitable tolling is rarely granted." *Lo*, 506 F.3d at 576; *Jones v Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (*Jones*). In order for equitable tolling to apply, a petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418.

Here, Petitioner likely cannot satisfy the first prong of the test that he was acting diligently during the nine-year period before filing. However, even assuming that Petitioner could establish that he acted diligently, he cannot establish that there were extraordinary circumstances that stood in the way of filing his *habeas* petition. Petitioner contends that the following were extraordinary circumstances, warranting equitable tolling: (1) inaccessibility of the Prison Law Library; (2) failure of the clerk of the circuit court to timely document his notice of appeal allegedly filed on February 17, 2005; (3) erroneous advice by state-appointed counsel and refusal of counsel to proceed with Petitioner's claims. Petitioner must show this resulted in over nine years of delay for equitable tolling to preserve his *habeas* petition. Petitioner has not done so.

An inadequate law library may constitute a state-created impediment, where statutes and cases related to habeas petitions are unavailable, thus allowing for equitable tolling. Moore, 476 F.3d at 508 (stating that a prison library's failure to have information regarding the habeas statute of limitations may constitute an impediment); *see also Jones*, 449 F.3d at 789 (holding that the sixty-day period where a prisoner was denied access to prison law library was not grounds for equitable tolling.)

5

Here, Petitioner does not state that the statute or cases related to *habeas* petitions were unavailable. Instead, he argues that certain unspecified statute books were in poor shape and missing. Petitioner also argues that prison policy and certain lockdowns inhibited his access for, at the most, twenty-seven months. At best, even assuming that equitable tolling applies to Petitioner's limited access to the library, this accounts for a little over two years and does not explain the remaining seven-year delay before Petitioner filed this *habeas* petition.

Petitioner contends that the notice of appeal filed with the clerk of the court on February 17, 2005, was not timely processed. Even assuming this was true, this does not explain the more-than-seven-year delay prior to that date within which Petitioner's *habeas* petition should have been filed.

Finally, Petitioner's argument that state-appointed counsel provided him with erroneous advice as a grounds for equitable tolling is without merit. Attorney misinformation, misconduct or even negligence is not a circumstance that warrants equitable tolling. *Powell v. Davis*, 415 F.3d 722 (7th Cir. 2005); *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003) ("The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures."); *Strong v. Hulick*, 530 F. Supp.2d 1034, 1038 (N.D. Ill. 2008) ("The Seventh Circuit has consistently held that neither ignorance of the law nor bad (or incomplete) advice from counsel permits tolling.").

Here, Petitioner argues that state-appointed appellate counsel gave him erroneous advice regarding the preservation of his federal claim in appealing his post-conviction claims. As discussed above, Petitioner's post-conviction complaints were filed after the statute of limitations on his *habeas* petition had run. Further, the allegations that appellate counsel failed

to brief some of his claims or gave him bad advice, even if true, is not a circumstance which permits tolling of the statute of limitations. Therefore, Petitioner has failed to establish that equitable tolling applies in the present case.

Petitioner's final argument is that the un-timeliness of his petition should be excused because failure to do so would result in a fundamental miscarriage of justice. In support of this argument, Petitioner contends that he is innocent of the crimes for which he was convicted.

To satisfy the burden to prove actual innocence, a petitioner must show "the factual predicate could not have been discovered earlier, *and* the [petitioner] shows actual innocence by clear and convincing evidence." *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005) (emphasis in original); *see also Balsewicz v. Kingston*, 425 F.3d 1029, 1033 (7th Cir. 2005) (*Balsewicz*) (stating that a petitioner must present new evidence that was not produced at trial). To prove actual innocence, a petitioner must "show that it is more likely than not that no reasonable juror would have found him guilty." *Balsewicz*, 425 F.3d at 1033 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Here, Petitioner cannot satisfy this burden. As discussed previously, Petitioner has not identified any new facts that would satisfy the "factual predicate" requirement under the AEDPA. Further, Petitioner cannot prove his innocence by clear and convincing evidence because he has not presented any new evidence that would prove that no reasonable juror would have found him guilty, since a reasonable jury did find him guilty on the known evidence. Therefore, Petitioner's argument in this regard fails, as well.

7

## CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss Petitioner's Petition for Writ of *Habeas Corpus* as untimely is granted. Smith's Petition for a Writ of *Habeas Corpus* is dismissed with prejudice.

Dated: April 23, 2008

JOHN W. DARRAH
United States District Court Judge